UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| JUDITH ANN EVANS, | CASE NO. 2:25-cv-01213-JNW |
| Plaintiff, | ORDER OF REMAND |
| v. | |
| AMERICAN STRATEGIC INSURANCE CORP., a foreign company, | |
| Defendant. | |

## 1. INTRODUCTION

This motion comes before the Court on Plaintiff Judith Evans's motion to remand. Having carefully considered the motion, the record, and the applicable law, the Court GRANTS the motion to remand. Dkt. No. 6.

## 2. BACKGROUND

Defendant American Strategic Insurance Corp. ("ASI") insures Evans's home. Evans submitted an insurance claim to ASI after a tree fell on her house. On February 3, 2025, Evans sued ASI in King County Superior Court, alleging breach

ORDER OF REMAND - 1

of contract, negligence, violations of the Consumer Protection Act (CPA), and violations of the Insurance Fair Conduct Act (IFCA).

On April 17, 2025, Evans's attorney sent ASI a written report from Pacific Engineering Technologies, Inc. The attorney also provided a repair estimate from a contractor, T4 Restoration & Consulting Services, based on the engineer's report. The engineer's report was dated January 13, 2023, and it included repair recommendations for "Tree Impact Damage." Dkt. No. 6-1 at 7. Based on those recommendations, the contractor's repair estimate was $257,259.19. *Id*. at 39. This amount "reflect[ed] the tree damage repairs," *id*. at 24, and it included a detailed breakdown of the repairs and estimated costs, *id*. at 25–38. The contractor characterized the estimate as a "Replacement Cost Value" and as Evans's "Net Claim." *Id*. at 39.

On May 2, ASI served Evans with a request for a statement of damages, to which Evans responded on June 12, 2025. ASI removed this action on June 25, 2025.

### 3. DISCUSSION

Evans seeks remand, arguing that ASI's removal is untimely under 28 U.S.C. § 1446(b), which sets a thirty-day cutoff to remove a case to federal court. *Dietrich v. Boeing Co.*, 14 F.4th 1089, 1090 (9th Cir. 2021). "Often, the basis for removal is clear from the complaint (or other initial pleading), and so the thirty days begin to run from the date a defendant receives the initial pleading." *Id*. (citing 28 U.S.C. § 1446(b)(1). Courts call this the "first pathway to removal." *Id*. "But 'if the case stated by the initial pleading is not removable, a notice of removal may be

filed within 30 days after receipt by the defendant . . . of a copy of an amended pleading, motion, order or other paper from which it may first be ascertained that the case is one which is or has become removable.'" *Id.* (quoting 28 U.S.C. § 1446(b)(3)). "This is the second pathway to removal." *Id.*

To decide when the timeline for the second pathway to removal is triggered, courts apply the "unequivocally clear and certain" standard. *Dietrich*, 14 F.4th at 1090. This means that "an amended pleading, motion, order, or other paper must make a ground for removal unequivocally clear and certain before the removal clock begins under the second pathway of § 1446(b)(3)." *Id.* at 1095. "Statements by a plaintiff's counsel can render the amount in controversy unequivocally clear and certain if they reflect a 'reasonable estimate' of the relief requested by the plaintiff." *Santiago v. Nissan N. Am., Inc.*, No. 1:24-cv-00531, 2024 WL 3411446, at *2 (E.D. Cal. July 15, 2024) (quoting *Cohn v. PetSmart Inc.*, 281 F.3d 837, 840 (9th Cir. 2002)). "The statute requires a defendant to apply a reasonable amount of intelligence in ascertaining removability . . . ." *Id.* (citing *Kuxhausen v. BMW Fin. Servs. NA LLC*, 707 F.3d 1136 (9th Cir. 2013)).

According to Evans, the fact that the amount in controversy would exceed $75,000 became unequivocally clear and certain on April 17, when she served her engineer's report and contractor's estimate for "Tree Impact Damage," establishing a removal cutoff of May 17. *See* Dkt. No. 6-1 at 7. Thus, she argues that ASI's removal on June 27 was untimely. ASI argues to the contrary that it did not become unequivocally clear and certain that the amount in controversy would exceed

$75,000 until June 12, when it received Evans's response to its request for statement of damages.

This is not a close call—the Court agrees with Evans, as it became unequivocally clear and certain that the amount in controversy would exceed $75,000 when ASI received the engineer's report and contractor's estimate on April 17, 2025. The contractor's estimate is an estimate for "tree damage repairs." Dkt. No. 6-1 at 24. Indeed, at the outset, it states: "The following estimate reflects the tree damage repairs based upon Pacific Engineering Technologies, Inc. written on January 13, 2025." *Id.* It even frames the total cost of the repairs—$257,259.15—as the "Replacement Cost Value" and "Net Claim." *Id.* at 39. And when the Parties communicated about the report and estimate via email, the subject line read: "Judith Evans Claim, ASI Policy WAA84020 – damage/ engineer report." *Id.* at 4. Counsel for ASI acknowledged that the report and estimate would be "addressing the scope of the un-repaired damage." *Id.* at 5.

ASI's arguments to the contrary are unpersuasive. It relies on cherrypicked quotes from the engineer's report to argue that it did not know whether the estimate included uncovered repairs. Once these excerpted quotes are read in context, ASI's arguments are easily dismissed. For instance, ASI is correct that the engineer's report provides "[p]ortions of the slope to the floor may have existed prior to the event." But the next sentence—which ASI omits—reads: "However, it is likely that additional unevenness in the hallway floor can be attributed to moisture exposure, which may have caused the wood sheathing to shrink and/or expand." Dkt. No. 6-1 at 9. Likewise, while ASI quoted the report's assertion that "[t]he crack

in the foundation existed prior to the tree impact," it failed to include the next sentence: "However, the crack was likely exacerbated by the tree impact." *Id.* While ASI may not agree that each repair listed is covered by Evans's insurance policy, the estimate is clearly and obviously Evans's repair estimate for this case.

The Court finds that the minimum amount in controversy was clearly and unequivocally established on April 17, 2025. Thus, removal on June 27, 2025, was untimely, and remand is appropriate.

Accordingly, the Court GRANTS Plaintiff's motion to remand. Dkt. No. 6. The Court ORDERS that this matter be REMANDED to King County Superior Court. This Order will become effective FOURTEEN (14) DAYS after the date of signature.

Dated this 27th day of August, 2025.

Jamal N. Whitehead
United States District Judge